IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3136-FL

| | | |
|---|---|---|
| SYLVESTER E. HARDING, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAPTAIN R. ROUSH; LIEUTENANT | ) | |
| D. BULLARD; CLAYTON RICHARD; | ) | |
| OFFICER A. BROWN; BILLY WEST; | ) | |
| ROBBIE DICK; AND CLAIRE HILL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate, filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). Also before the court are plaintiff's motion for a writ of mandamus (DE # 2) and motion for summary judgment (DE # 3).

Plaintiff's complaint is difficult to follow and the court is unsure what specific claims he is attempting to make and exactly whom plaintiff is claiming violated his rights. Accordingly, plaintiff may particularize his complaint to specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Plaintiff is on notice that he must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Plaintiff further is on notice that any amended pleading will constitute the complaint in its entirety. Finally, plaintiff is reminded that his

amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.RCiv.P. 8(a)(2).

The court turns to plaintiff's motion for a writ of mandamus and motion for summary judgment. Plaintiff seeks judgment as a matter of law in both pleadings. As stated, plaintiff has not submitted a clear and concise complaint, and has been given the opportunity to do so. Thus, plaintiff's motion for mandamus and motion for summary judgment are DENIED as premature.

In summary, plaintiff's motion for a writ of mandamus (DE # 2) and motion for summary judgment (DE # 3) are DENIED as premature. Plaintiff has twenty-one (21) days from the date of this order to amend his complaint. Upon submission of this additional information, the frivolity review will be undertaken. Failure to provide the additional information within this time will result in dismissal of the complaint without prejudice.

SO ORDERED, this the 16th day of November, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge